```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUIS E. MUNOZ, et al.           :      CIVIL ACTION
                                :
           v.                   :
                                :
SOVEREIGN BANK                  :      NO. 06-2876
```

MEMORANDUM

Bartle, C.J.                                              May 24, 2007

Plaintiffs Luis E. Munoz and Deborah N. Munoz have sued defendant Sovereign Bank in this diversity action seeking a declaratory judgment that Sovereign Bank has violated the Pennsylvania Deficiency Judgment Act (the "Act"), 42 Pa. Cons. Stat. Ann. § 8103. Plaintiffs also ask for monetary damages based on derivative claims for breach of contract, conversion and fraud. Before the court is the motion of Sovereign Bank for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

I.

The following facts are either undisputed or viewed in the light most favorable to plaintiffs, the non-movants. Luis and Deborah Munoz borrowed approximately $1 million from Sovereign Bank to purchase a commercial property and going business at 4401 Castor Avenue in Philadelphia. The loans were secured by mortgages on their Castor Avenue property and their home in Moorestown, New Jersey, as well as by security interests in the equipment and inventory of the business. On August 26,

2003, Sovereign Bank notified the Munozes that they had defaulted on the loans and accelerated the balance due.  Thereafter it commenced a foreclosure action against the Castor Avenue property and, on April 7, 2004, obtained a default judgment for $1,116,334.84 against the Munozes.

On May 28, 2004, the Munozes, who were represented by counsel, filed for Chapter 7 bankruptcy in the Bankruptcy Court for the District of New Jersey.[1]  As a result, all judicial actions against the Munozes were stayed pursuant to 11 U.S.C. § 362(a).  Sovereign Bank thereafter obtained relief from the automatic stay so that it could continue with foreclosure actions against the Munozes in Pennsylvania and New Jersey.  See 11 U.S.C. § 362(d).

On April 7, 2005, John W. Hargrave was appointed Trustee of the Munozes' bankruptcy estate.  Four months later, on August 8, 2005, Sovereign Bank executed against the Castor Avenue property and purchased it at sheriff's sale for approximately $31,000.  The deed was delivered to Sovereign Bank and recorded on September 24, 2005.  It also reactivated its foreclosure action on the Munozes' home in Moorestown and obtained a default judgment on August 19, 2005.  Sovereign Bank took no further action against this property.

---

1.  The Munozes subsequently filed a motion to have the bankruptcy proceeding converted to a case under Chapter 11.  The motion was granted on August 16, 2004; however, the case was re-converted to Chapter 7 when the Munozes were unable to meet the Chapter 11 filing requirements.

On December 27, 2005, Trustee Hargrave filed a Notice of Proposed Private Sale with the Bankruptcy Court to sell the Munozes' home in order to satisfy, at least in part, the deficiency which remained on Sovereign Bank's $1,116,334.84 default judgment against the Munozes after the sheriff's sale of the Castor Avenue property.  The proposed sale price for the home was $880,000.  With regard to the proceeds of the sale, the Notice stated:

> From the proceeds of the sale, Trustee proposes to pay normal closing costs and adjustments, estimated to be no more than $4,000.00; real estate taxes to the Township of Moorestown; first mortgage held by Chase Manhattan Bank of approximately $156,000.00.  The Trustee has negotiated a settlement with Sovereign Bank, which holds a second mortgage on the property in an amount that exceeds the purchase price, to allow a 10% carve-out to the bankruptcy estate, out of which a 5% real estate commission will be paid to Edgar Real Estate.  All remaining proceeds are to be paid to Sovereign Bank.

Def.'s Mot. for Summ. J. Ex. T.

The only objection to the Notice advanced by the Munozes concerned the date on which they were required to vacate their residence.  Trustee Hargrave resolved the objection with the Munozes, and The Honorable Gloria M. Burns, United States Bankruptcy Court Judge for the District of New Jersey, signed a Consent Order on January 26, 2006 approving the sale of the Moorestown property.  The Consent Order included a $16,450.00

payment to the Munozes from the proceeds of the sale.[2]  The property was sold on January 31, 2006.  Sovereign Bank, which held a second mortgage on the property, received in excess of $631,000 from the judicial sale toward the satisfaction of its Pennsylvania judgment against the Munozes.

II.

The Munozes seek a declaration that Sovereign Bank was not entitled to the $631,000 from the sale of the Moorestown property to help satisfy the default judgment obtained in Pennsylvania because Sovereign Bank failed to comply with the Pennsylvania Deficiency Judgment Act.  The Act prevents creditors from purchasing a debtor's real property in a foreclosure action, often at below market value, and then proceeding to execute on the debtor's other property to satisfy a deficiency judgment without first deducting the fair market value of the previously executed-upon property.  The Act provides:

> Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold.

42 Pa. Cons. Stat. Ann. § 8103(a).

---

2.  The payment to the Munozes was to be reduced by any unpaid interest on the first mortgage held by Chase Manhattan Bank and municipal liens on the property.

-4-

Judgment creditors must file a petition with the court to fix the fair market value of the real property within six months of the sale. 42 Pa. Cons. Stat. Ann. § 5522(b)(2). The six month period begins on the date the deed is delivered to the creditor, not the date of the sheriff's sale. <u>Fidelity Bank, N.A. v. Bourger</u>, 663 A.2d 213, 215 (Pa. Super. Ct. 1995). If, at the expiration of the six month period, the creditor has failed to file a petition to fix the fair market value of the property, the debtor may then file a petition with the court:

> [S]etting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa. Cons. Stat. Ann. § 8103(d).

Sovereign Bank first argues that the present action is barred under the principle of res judicata, or claim preclusion. Sovereign Bank maintains that any claim of the Munozes under the Deficiency Judgment Act should have been litigated in the Bankruptcy Court for the District of New Jersey. According to Sovereign Bank, since they neither objected to, nor appealed, the January 26, 2006 Consent Order based on Sovereign Bank's failure to comply with the Deficiency Judgment Act, they are now precluded from pursuing this claim in this later action.

The Munozes counter that Sovereign Bank is attempting to rehash a position we rejected when we denied Sovereign Bank's

motion to dismiss the complaint for failure to state a claim. <u>Munoz v. Sovereign Bank</u>, Civ.A. No. 06-2876, 2006 U.S. Dist. LEXIS 66987 (E.D. Pa. Sept. 18, 2006).  We disagree.  At that time Sovereign Bank had argued that the Munozes had waived their rights under the Deficiency Judgment Act in certain mortgage documents and thus consented to the sale of their residence and use of the proceeds to satisfy the deficiency judgment.  We simply held that the Act prohibited a debtor from waiving his or her rights in this manner and that a failure to object to a judicial sale because of a waiver agreement does not relieve Sovereign Bank of its duties under the Act.  The Deficiency Judgment Act states:  "Any agreement made by any debtor at any time, either before or after or at the time of incurring any obligation, to waive the benefits of this section or to release any obligee from compliance with the provisions hereof shall be void."  42 Pa. Cons. Stat. Ann. § 8103(e).

The bar under the Deficiency Judgment Act against waiver of its provisions by a debtor in a private agreement with a creditor is separate and apart from the issue of claim preclusion which was not argued in connection with the motion to dismiss.  In <u>Corestates Bank, N.A. v. Huls Am., Inc.</u>, the Court of Appeals explained:  "[c]laim preclusion bars a party from litigating a claim that it could have raised or did raise in a prior proceeding in which it raised another claim based on the same cause of action."  176 F.3d 187, 191 (3d Cir. 1999).  For the present action to be barred, Sovereign Bank must "demonstrate

that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).  Thus, the matter before us concerns whether a party is precluded from raising a claim it could have raised in an earlier court proceeding and not whether a debtor's waiver agreement was void under the Deficiency Judgment Act.  We now turn to the various criteria necessary for the application of claim preclusion to plaintiffs' declaratory judgment action.

First, the Bankruptcy Court's January 26, 2006 Consent Order approving the sale of the Munozes' home in Moorestown was a final judgment on the merits.  "A consent decree is generally treated as a final judgment on the merits and accorded res judicata effect, except when there has been an express reservation of rights." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 n.5 (3d Cir. 1984) (internal citations omitted).  The Consent Order contained no such reservation of rights.

Second, the Munozes and Sovereign Bank were parties to the New Jersey Bankruptcy proceeding.  As one of the two secured creditors, Sovereign Bank was involved in all aspects of the bankruptcy proceedings and the negotiations which ultimately led to the Notice of Proposed Private Sale and the Consent Order. The Notice of Proposed Private Sale announced that Sovereign Bank sought "to collect the balance due" on the default judgment on

the Castor Avenue property.  The Munozes, who were represented by counsel, could have objected to the proposed sale and plan of distribution but did not do so.

Finally, the present action for declaratory judgment is based on the same cause of action as in the Bankruptcy Court proceeding.  Our Court of Appeals has declined to adopt a rigid definition of "cause action" and instead focuses on "the essential similarity of the underlying events giving rise to the various legal claims ...."  Davis v. United States Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982).  Elaborating on its decision in Davis, the court reasoned:

> Although we declined to adopt *one* specific legal theory in *Davis*, we indicated a predisposition towards taking a broad view of what constitutes identity of causes of action -- "an essential similarity of the underlying events giving rise to the various legal claims."  We therefore do not adhere to any mechanical application of a single test but instead focus on the central purpose of the doctrine of res judicata.  We are thus in keeping with "the present trend . . . in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence."

Athlone Indus., 746 F.2d at 984 (quoting 1B J. Moore & J. Wicker, Moore's Federal Practice para. 0.410[1], at 359 (2d ed. 1983)).  When the first action is adjudicated in bankruptcy court, we must "scrutinize the totality of the circumstances in each action and then determine whether the primary test of Athlone, i.e., essential similarity in the underlying events, has been

satisfied." <u>Oneida Motor Freight, Inc. v. United Jersey Bank</u>, 848 F.2d 414, 420 n.5 (3d Cir. 1988).

      The present action arises from the same "transaction or occurrence" which was before the bankruptcy court.  The issue there, as here, was the allocation of proceeds from the sale of the Munozes' Moorestown home to help satisfy any deficiency remaining on Sovereign Bank's $1,116,334.84 default judgment after the sale of the Castor Avenue property.  When the bankruptcy judge signed the Consent Order approving the sale, the court rendered a final judgment with respect to the distribution of the proceeds among the parties-the Munozes, their bankruptcy estate, Sovereign Bank, and another creditor, Chase Manhattan Bank.  Plaintiffs are now arguing that the distribution violated the Deficiency Judgment Act because Sovereign Bank did not petition to fix the fair market value of the Castor Avenue property before "seek[ing to collect the balance due" on its judgments against the Munozes.  This is simply an attempt by plaintiffs to take a second bite at the apple.  This is exactly what claim preclusion is designed to prevent.

      It is well established, and the Munozes do not dispute, that bankruptcy courts may hear claims arising out of the Deficiency Judgment Act.  <u>See</u> <u>In re Tarbuck</u>, 304 B.R. 712 (Bankr. W.D. Pa. 2004); <u>In re Zinchiak</u>, 280 B.R. 117 (Bankr. W.D. Pa. 2002).  The Munozes argue that merely because bankruptcy courts may hear Deficiency Judgment Act claims does not mean that they must.  While this is true, it does not advance the ball for the

Munozes.  Claim preclusion is satisfied if the claim could have been raised but was not.  They failed to raise that claim in the previous litigation, where the same parties and cause of action were involved as here and where there was a final judgment on the merits.  Thus, claim preclusion bars the Munozes from asserting their declaratory judgment claim in this court, and we need not reach the other arguments of Sovereign Bank in support of summary judgment.

  Plaintiffs' claims for breach of contract, conversion and fraud are derived from Sovereign Bank's alleged violation of the Deficiency Judgment Act.  For the same reasons that their claim for violations of the Deficiency Judgment Act is precluded, so too are their derivative claims.

  Accordingly, the motion of Sovereign Bank for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure will be granted.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

LUIS E. MUNOZ, et al.           :       CIVIL ACTION
                                :
         v.                     :
                                :
SOVEREIGN BANK                  :       NO. 06-2876

## ORDER

AND NOW, this 24th day of May, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of defendant Sovereign Bank for summary judgment is GRANTED; and

(2)  judgment is entered in favor of defendant Sovereign Bank and against plaintiffs Luis E. Munoz and Deborah N. Munoz.

                                               BY THE COURT:

                                               /s/ Harvey Bartle III
                                                                           C.J.